## HEDENSKOOG v. BACKUS.
### Patent Appeal No. 2642.

Court of Customs ·and Patent Appeals.
March 25, 1931.

· Wm. O. Belt, of Chicago, Ill., for appellant.

Henry E. Stauffer, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an interference case in which appeal is taken from the decision of the Board of Appeals of the United States Patent Office, reversing the decision of the Examiner of Interferences, and awarding priority of invention of the subject-matter in issue to appellee.

The application relates to apparatus for automatically setting tenpins on the beds of bowling alleys and includes a frame which is elevated about two feet above the bed of the alley and into which the pins are placed by an attendant. The frame is then caused to descend and set the pins on the alley in correct position. The pins are then released and the frame automatically moves upward to its original position.

Five counts were under consideration by the Examiner of Interferences and the Board of Appeals, and priority in counts 1 and 3 was awarded to Hedenskoog on the ground that the counts did not read on the Backus construction. No appeal was taken by Backus. The counts in issue in which priority was awarded to Backus by the Board of Appeals. are three in number and follow:

"2. A pin-setting machine for bowling alleys, comprising a frame movable toward and from the alley bed, bottom rests carried by the frame, slides for receiving the pins and directing the bottoms thereof onto said bottom rests, and means for depositing the .pins on the alley bed."

"4. A pin-setting machine for bowling alleys, comprising a frame suspended for vertical movement above the alley bed and having pockets therein for receiving pins to be positioned, and setting means carried by said frame for engaging said pins bodily at points remote from the greatest diameter of their body portions, said pin-engaging means being further adapted to position said pins on said alley bed. :

"5. A frame for receiving pins and positioning the same on a bowling alley, comprising a plurality of pin-receiving pockets, pin-engaging and positioning means mounted on said frame, means for normally holding said pin-engaging means out of engagement with said pins, and means carried by said frame for actuating said pin-engaging means to engage the pins and position the same upon the alley bed, said holding means being automatically actuated to disengage said pin-engaging means after the pins have been positioned."

The counts are taken from the Hedenskoog patent which had been inadvertently issued, because the Backus application involved herein was copending with the Hedenskoog application. ,

The subject-matter of the counts at issue, according to the decision of the Board, was disclosed by Backus in a machine built in 1920. The Examiner of Interferences found that the 1920 Backus structure was a full conception, but not a reduction to practice of the subject-matter of the counts, and held that Backus was not diligent from the date of his conception during the period from 1920 to the

time when Hedenskoog entered the field, and found that the 1920 structure was an abandoned experiment.

The Board of Appeals in a well-considered and well-written decision, deserving of special mention, held that the 1920 structure was, not only sufficient evidence of conception, but was a reduction to practice of the subject-matter of the counts, and found that it was not an abandoned experiment. Having found that Backus was the first to conceive and the first to reduce to practice, and that he had not concealed his invention, he was held to be entitled to priority.

Appellant here contends that the Board erred in finding that the 1920 structure was a reduction to practice and not an abandoned experiment. While there are various minor questions discussed other than the question of reduction to practice by the construction of the 1920 machine, we think it is correct to say that the sole controlling issue in the case at bar is whether or not appellee's 1920 machine was a reduction to practice or an abandoned experiment. Concerning this issue the Board of Appeals said:

"The Examiner of Interferences seems to have been influenced somewhat by Backus' subsequent actions, or lack of action, in his holding that the 1920 device was merely an experiment and an abandoned one. We do not consider the subsequent actions on that point as particularly important. If the device was reduced to practice it is immaterial what was done afterward if it was not concealed, and the inventor was not stirred to activity by his opponent entering the field. We do not consider it necessary to discuss the question of concealment as we find no substantial evidence showing this fact nor is there any evidence that Backus was stirred into activity by Hedenskoog; however it will not be amiss to refer briefly to the actions of Backus between 1920 and 1926. The evidence clearly shows that the party Backus was suffering under severe physicial disability—that it was substantially impossible for him to go into the shop and construct the machine himself. It would appear that it was necessary for him to rely upon others to work out the mechanical details when he had devised the general means and described the manner in which he desired them to function. Various witnesses have testified that this matter was more or less constantly in Backus' mind and that he was attempting to get others to make an improved model of the 1920 machine. It is shown that he advertised and made other efforts to secure a proper mechanic, and that during part of the period he was waiting for others, of whose skill he had knowledge, to reach a point where they would have time and opportunity to take up the work for him. We consider that this shows that while his efforts were not very effective still he had no idea of abandoning the invention and was striving to have it converted into a commercially successful form."

The facts and the law as affecting this issue are so aptly and correctly expressed in the opinion of the Board of Appeals that an extended statement of facts and discussion of applicable law is deemed unnecessary.

The 1920 structure was later dismantled, and parts of it were used in making a new machine in 1926. For the purposes of prosecuting the interference, appellee has reconstructed the 1920 machine and has brought the same before the patent tribunals and this court as "Backus Exhibit No. 5 operative illustration of 1920 machine." The 1926 machine is also before us as Exhibit No. 6.

The 1920 machine after construction was operated to set pins in the presence of witnesses who testified that the machine made a great deal of noise, but that it operated to set the pins. Backus testified that he was satisfied with the operation except as to the noise, and that he determined to work out a means for eliminating the same. This machine was never placed on a bowling alley, but its operable parts and mode of operation, according to the testimony, were, with the exception of the foot or tripping device, which was located under the frame, substantially the same as those of the 1926 device. The projecting member which struck the floor and actuated the mechanism was later located in a different position, and this fact is clearly immaterial to the issue here. The 1920 structure was not a complete machine. It was complete to the extent that all the operable parts for setting one or possibly two pins, in accordance with the terms of the counts at issue, were present. No attempt was ever made to complete this particular machine so that it would set the full complement of pins. The Board held that the evidence showed that the machine was operative, and we agree with this finding.

The main contention of appellant here is that the 1920 machine, not being complete so as to properly set a full complement of pins, and later being dismantled and nothing further having been done to the machine until after appellant's application had been filed, must be looked upon as an abandoned experi-

410

ment. Concerning this issue the Board of Appeals properly said:

"The record shows that after Backus constructed, or had constructed for him, the machine in 1920 it was more or less dismantled and moved around from one portion of the building to another without anything further being done to it until long after the application was filed. The evidence clearly shows that Backus realized that the machine was not satisfactory, and from this state of facts strong presumption arises that it was an experiment. An examination of the record, however, we consider shows a different state of facts. In the first place we should note that the counts of the issue, in some respects, are rather broad; certainly counts 2, 4 and 5 are. It has been contended by Hedenskoog that inasmuch as the reconstructed 1920 model contains parts that were not present in the original machine that the reconstruction is of no value; however we consider that the evidence clearly shows that the portions of the apparatus which are covered by the elements of the counts were present in the apparatus of 1920. Another contention of Hedenskoog is that it is admitted by Backus that the full complement of pins was not manipulated in the earlier machine, or, for that matter, in the reconstructed model, and he contends that therefore the 1920 apparatus does not cover the subject-matter of the counts. We do not consider this contention sound. In some machines if parts were missing and it would not be possible to be sure how the machine would operate with the missing elements, a contention of this nature might be justified. In this instance, however, each unit of the machine functioned in the same manner as the other units. Pin setting machines of this general nature are old, and in our opinion, when one unit functions properly we consider it sufficient proof to show that the entire set would operate when the duplicate units are in place."

To the foregoing correct statement of the facts and law might be added that the Board's conclusion in this respect is in entire harmony with the decided cases.

If appellee actually conceived and reduced to practice his invention in 1920, he is the first inventor. His subsequent acts are material only, under the circumstances of this case, as bearing upon the question of whether or not his work was experimental only and later abandoned. The Board concluded that, while Backus' conduct subsequent to his 1920 activities was strongly presumptive that his activities were experimental only, an examination of the record and a weighing of the evidence therein contained necessarily brought about a different conclusion. The evidence relied upon is quoted above.

In Smith v. Brooks, 24 App. D. C. 75, 1904 C. D. 672, substantially the same facts and the same legal questions were before the Court of Appeals of the District of Columbia, and the gist of the decision is well summed up in the first part of the syllabus which is as follows:

"A delay of 2 years and 8 months after an alleged reduction to practice raises a strong presumption that what was done amounted to a mere abandoned experiment; but such presumption may be overcome by satisfactory proof that the machine was successfully operated."

Appellant seems to base his right to priority mainly upon the proposition that the tests of appellee's 1920 structure showed that it was admittedly an unsatisfactory machine from a commercial standpoint.

Agreeable to the finding of the Board we conclude that, as affects the counts in this case and the issue as presented, the noisy character of the machine which rendered it commercially unsatisfactory is not a sufficient basis to justify a conclusion that the 1920 machine was not a reduction to practice. The machine was demonstrably proven to operate in setting the pins in the manner called for in the counts. The necessary details of improvement in order to make it commercially desirable are matters with which we are not concerned. The 1926 machine was constructed upon the same broad principle which characterized the 1920 machine, and in its construction was the detail structure for making the 1920 machine commercially desirable. As far as the issues in this case are concerned, the two structures are identical. On this subject the Board of Appeals properly said:

"In our opinion the pin setting machine built in 1920 is proven to meet the counts of the issue and to have been operative and a reduction to practice. It is true that the 1920 model was not satisfactory to Backus but he realized, as disclosed by his testimony and by the supporting witnesses, what the trouble was. The projecting member that struck the floor to actuate the mechanism was noisy and he realized that this would prevent the commercial success of the apparatus and decided that it would be necessary to actuate the mechanism from overhead means. We do not consider that the question of commercial success enters into that of reduction to practice. There is nothing in the counts of the

issue that specifies whether the device is actuated from the floor or overhead. The contention that the earlier machine may not have accurately spotted the pins we do not consider as entitled to any weight as in our opinion this was simply a matter of mechanical accuracy and anyone competent to build machines of this nature would perfect the parts until they functioned properly and in the manner intended."

The Board of Appeals agreed with the Examiner to the extent that, if the 1920 operations were to be regarded only as evidence of conception and not of reduction to practice, Backus was not diligent. Since we agree with the Board that the 1920 structure was a complete reduction to practice, we do not find it necessary to discuss the diligence of Backus.

Appellant has argued at length here that this court should apply the rule laid down in Vanore v. Improta, 58 App. D. C. 130, 25 F. (2d) 918, 923, in which is found the following:

"As against the inventor who is guilty of inexcusable delay in asserting his priority according to law, all the equities and presumptions are in favor of the inventor who, though later in conception, first files his application for a patent. An inventor may have a reasonable excuse for not promptly applying for a patent; but, if he has none, and unreasonably delays in taking the necessary steps to secure a patent, the courts are warranted in presuming that his claim of reduction to practice was nothing better than an abandoned experiment. Mason v. Hepburn, 13 App. D. C. 86, 94, 95. * * * "

It will be noticed there that the court concluded that by reason of the delay the original alleged invention should be regarded as an abandoned experiment, and cited Mason v. Hepburn, 13 App. D. C. 86, 95. As was observed with reference to Smith v. Brooks, supra, this rule does not apply when the record shows that it was not an abandoned experiment. While the exact question presented here was not before this court in Townsend v. Smith, 36 F.(2d) 292, 17 C. C. P. A. 647, and Miller v. Hayman, 46 F.(2d) 188, 18 C. C. P. A. ——, the facts and the reasoning in the cases are quite analogous and may be relied upon as supporting our conclusions herein reached.

Appellant also relies upon the doctrine laid down in Mason v. Hepburn, supra, in which is found the following statement of the law:

"Considering, then, this paramount interest of the public in its bearing upon the question as presented here, we think it imperatively demands that a subsequent inventor of a new and useful manufacture or improvement who has diligently pursued his labors to the procurement of a patent in good faith and without any knowledge of the preceding discoveries of another, shall, as against that other, *who has deliberately concealed the knowledge of his invention from the public,* be regarded as the real inventor and as such entitled to his reward." (Italics ours.)

It will there be observed that the court found that there was a deliberate concealment. There is no such contention here.

Appellee being the first to conceive and the first to reduce to practice, and the record as a whole being devoid of any fact or circumstance barring him from a patent, he was properly awarded priority, and the decision of the Board of Appeals is affirmed.

Affirmed.